UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
KENNETH W. STONE,                   )   No. C07-209RSL
                                    )
                    Petitioner,     )   ORDER DENYING RULE 60(a)
        v.                          )   MOTION TO CORRECT CLERK'S
                                    )   ERROR AND ORDER
UNITED STATES OF AMERICA,           )   REFERRING § 2255 MOTION
                                    )   TO COURT OF APPEALS
                    Respondent.     )
_____)

## I. INTRODUCTION

This matter comes before the Court on *pro se* petitioner's "Motion Pursuant to Fed. R. Civ. P. 60(a) or 60(b)(2) Based on Clerk's Error and/or Newly Discovered Evidence" (Dkt. #21). The Court denied petitioner's 28 U.S.C. § 2255 motion and dismissed this action with prejudice on November 20, 2007. See Dkt. # 17 (Order of Dismissal); Dkt. #18 (Judgment). Plaintiff now seeks relief from the Court's order and judgment under Fed. R. Civ. P. 60(a) and (b)(2). For the reasons set forth below, the Court denies petitioner's Rule 60(a) motion and construes his Rule 60(b) motion as a successive § 2255 motion to be referred to the Court of Appeals.

## II. DISCUSSION

**A.    Rule 60(a) motion**

Under Fed. R. Civ. P. 60(a), "[t]he court may correct a clerical mistake or a mistake

ORDER DENYING PETITIONER'S
RULE 60(a) MOTION AND REFERRING
§ 2255 MOTION TO COURT OF APPEALS

arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record. The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' where as the latter consist of instances where the court <u>changes its mind</u>[.]" <u>Blanton v. Anzalone</u>, 813 F.2d 1574, 1577 & n.2 (9th Cir. 1987) (emphasis in original). Here, the Order of Dismissal (Dkt. #17) and Judgment (Dkt. #18) recorded what the Court intended to do. Accordingly, the Court denies plaintiff's Rule 60(a) motion.

**B.     Rule 60(b)(2) motion**

Plaintiff also moves for relief under Fed. R. Civ. P. 60(b)(2), which states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Petitioner's Rule 60(b) motion refers to his "Motion for Evidentiary Hearing and Opposition to Magistrate's Report and Recommendation" where petitioner contends that "newly discovered evidence" shows the search warrant in his criminal case was unlawfully obtained based on alleged false testimony and photographs by detective Roy Alloway and because detective Alloway "suborned Jennifer Johnson." <u>See</u> Dkt. #16 at 2-3.

In <u>Gonzales v. Crosby</u>, 545 U.S. 524 (2005), the Supreme Court addressed the interaction between habeas petitions and Rule 60(b), stating:

> [A] [Rule 60(b)] motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. . . . Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. We think those holdings are correct.

<u>Id.</u> at 531 (internal citation omitted). The Supreme Court went on to hold that whether a Rule

ORDER DENYING PETITIONER'S
RULE 60(a) MOTION AND REFERRING
§ 2255 MOTION TO COURT OF APPEALS

60(b) motion should be construed as a successive habeas petition depends on whether the motion "attacks the federal court's previous resolution of a <u>claim on the merits</u>[.]" <u>Id.</u> at 532 (emphasis in original). If it does, then the Rule 60(b) motion should be treated as a successive habeas petition. <u>Id.</u> However, if the Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the motion should be viewed as a Rule 60(b) motion. <u>Id.</u>

Applying the principles articulated in <u>Crosby</u> to this case,[1] the Court concludes that petitioner's Rule 60(b) motion attempts to advance claims that relate to the merits of his sentence, rather than challenging a defect in the integrity of the habeas proceedings. <u>Crosby</u>, 545 U.S. at 532. To allow petitioner's claims to proceed as a Rule 60(b) motion "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." <u>Id.</u>

For these reasons, the Court construes petitioner's Rule 60(b) motion as an attempt to file a successive federal habeas motion under 28 U.S.C. § 2255 because it seeks to re-litigate issues on the merits, and therefore the Court denies the motion for lack of jurisdiction. <u>See</u> <u>United States v. Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998) (failure to request the requisite authorization to file a second or successive section 2255 petition from the circuit court deprives the district court of jurisdiction); 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]"). Circuit Rule 22-3(a) provides that when, as here, a successive petition "is mistakenly submitted to the district

---

[1] Although <u>Crosby</u> limited its holding to 28 U.S.C. § 2254 petitions, the Court noted that "§ 2255 is similar to, and refers to, the [same] statutory subsection applicable to second or successive § 2254 petitions." <u>Crosby</u>, 545 U.S. at 529 n.3. Therefore, there appears to be no reason to treat a Rule 60(b) motion in a § 2255 case differently than a Rule 60(b) motion in a § 2254 case. <u>See, e.g.</u>, <u>United States v. Hiralal</u>, 238 Fed. Appx. 225, 226 (9th Cir. 2007) (citing <u>Crosby</u> in the context of a § 2255 petition); <u>United States v. Leasure</u>, 223 Fed. Appx. 630, 631 (9th Cir. 2007) (same).

ORDER DENYING PETITIONER'S
RULE 60(a) MOTION AND REFERRING
§ 2255 MOTION TO COURT OF APPEALS

court, the district court shall refer it to the court of appeals." Accordingly, petitioner's 60(b) motion is construed as a successive § 2255 motion and referred to the Ninth Circuit.

Even if the Court determined that it had jurisdiction to consider petitioner's Rule 60(b) motion, the Court also exercises its discretion not to consider the evidence presented for the first time in petitioner's objections to the Report and Recommendation. The gravamen of petitioner's Rule 60(b) motion is that "newly discovered evidence" shows that the search warrant obtained in petitioner's criminal case was unlawfully obtained. See Dkt. #16. In his criminal case, United States v. Stone (CR04-251RSL), petitioner moved to suppress evidence obtained as a result of the search warrant, contending that the affidavits in support of the search warrant failed to establish probable cause, the warrant was overbroad, and Detective Alloway made a material misstatement in his affidavit. See Dkt. #100 (Motion to Suppress Evidence and Request for a "Franks" Hearing) in CR04-251. As a result of the motion, the Court conducted a two-day evidentiary hearing on June 1, 2005 and July 1, 2005, and heard testimony from Detective Alloway, and others. See Dkt. ##144, 152. Petitioner was represented by counsel at the evidentiary hearing and in his criminal case. In the Order Denying Motions to Suppress Evidence, the Court "found Det. Alloway's testimony sincere and credible" and accordingly, concluded that petitioner did not meet his burden of "showing by a preponderance of the evidence that Det. Alloway intentionally or recklessly made a false or misleading statement in support of the warrant." Dkt. #157 at 6-7.

In United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) the Ninth Circuit held that a "district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." In reaching this holding, the Ninth Circuit articulated the prudential concern behind the rule:

> Affording district courts discretion to consider new evidence makes prudential sense. The magistrate judge system was designed to alleviate the workload of district courts. To require a district court to consider evidence not previously

ORDER DENYING PETITIONER'S
RULE 60(a) MOTION AND REFERRING
§ 2255 MOTION TO COURT OF APPEALS

presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to reduce the workload of the district court. . . .  Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging.  It would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and – having received an unfavorable recommendation – shift gears before the district judge.

Id. at 622 (citation and quotation marks omitted).  It is the same here.  In his objection to the report and recommendation and motion for evidentiary hearing, petitioner makes no showing that the "newly discovered evidence" could not have been discovered with reasonable diligence at the time he filed his petition on February 7, 2007 or before Judge Donohue filed the Report and Recommendation on October 23, 2007.  See Dkt. #16.  To the contrary, all the "evidence" in the exhibits appended to petitioner's declaration was available before February 2007.  See, e.g., id. (Declaration of Kenneth W. Stone) at Exs. 3-8 (Orders of Dismissal from November 2005- May 2006); Ex. 12 (Sybertz Decl. dated Oct. 6, 2006); Ex. 14 (Notice of Charge dated Dec. 16, 1992).  Accordingly, should the Ninth Circuit construe petitioner's motion as arising under Rule 60(b) rather than as a successive § 2255 motion, the Court notes for the record that it has exercised its discretion not to consider the evidence presented for the first time in petitioner's objections to the Report and Recommendation.

### III. CONCLUSION

For all of the foregoing reasons, petitioner's Rule 60(a) motion is DENIED.  Petitioner's Rule 60(b) motion is construed as a successive motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.  Therefore, the Clerk is directed to REFER this matter (Dkt. #21) to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and Circuit Rule 22-3(a).  Petitioner is advised that this referral alone does not construe compliance with Circuit Rule 22-3 and 28 U.S.C. § 2244.  Petitioner must still file a motion for leave to proceed in the Court of Appeals and make the showing required by 28 U.S.C. § 2255 and 2244.

//

ORDER DENYING PETITIONER'S
RULE 60(a) MOTION AND REFERRING
§ 2255 MOTION TO COURT OF APPEALS

1       DATED this 4th day of February, 2008.

2

3

4                              /s/ Robert S. Lasnik

                                Robert S. Lasnik

5                                 United States District Judge

ORDER DENYING PETITIONER'S
RULE 60(a) MOTION AND REFERRING
§ 2255 MOTION TO COURT OF APPEALS     -6-